IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Nicole Colon-Prado**<br>*Plaintiff*<br><br>v.<br><br>**Liberty Cablevision of Puerto Rico LLC**<br>**a/k/a Liberty Cablevision of PR;**<br>**Antonio Llona**<br>*Defendants* | CIVIL ACTION<br>Case No. 3:19-cv-1813<br>Employment Discrimination<br>• GENDER/SEX<br>• AGE(ADEA)<br>• Retaliation<br>• Equal Pay Act<br><br>*Demand for Jury Trial* |

## COMPLAINT

### INTRODUCTION

1. The Plaintiff *Nicole Colon-Prado* brings this civil action pursuant to Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Equal Pay Act to remedy acts of employment discrimination perpetrated against her. The Plaintiff asserts unlawful acts of discrimination because of her *age* and her *gender* were perpetrated against her by defendant Liberty Cablevision of Puerto Rico, LLC. (Hereinafter "Defendant") Plaintiff was also subjected to workplace *retaliation* shortly after filing her EEOC Charge with baseless accusations by RMO.

2. The Plaintiff was subjected to workplace discrimination because of *age* and *gender*, while similarly situated male and under protected age employees were treated more favorably by her employer. Similarly situated male employees *Eric Rivera* and *Alejandro Guisasola* were more favorably treated by plaintiff's employer. The Vice President of Business Sales and male codefendant *Antonio Llona* is the responsible management official ("RMO").

3. The Plaintiff respectfully asks the Court to find defendants in violation of Federal Antidiscrimination Laws, specifically Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and Puerto Rico laws, and to award the relief requested below. Defendants violated her rights under Federal and Puerto Rico law, and the plaintiff seeks what is fair and just, compensatory, punitive damages, and attorney fees.

1

## JURISDICTION

4. This Honorable Court has original jurisdiction over Plaintiff's federal claims set forth in this complaint pursuant to 28 U.S.C. §1331 (federal question), and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, and Age Discrimination in Employment Act of 1967, as amended ("ADEA"), as codified 29 U.S.C. §§621-634 (amended in 1984, 1990, the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166), and the Equal Pay Act of 1963, 29 U.S.C. §206, and this Court may also exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (a) because those arise from the same nucleus of operative facts as Plaintiff's federal claims.

5. Venue properly lies before this Court under 28 U.S.C. §1391(b) and 42 U.S.C. Section 2000e-5(f) (3), as plaintiff was employed in Puerto Rico. The plaintiff is a resident of the Commonwealth of Puerto Rico and the acts and/or omissions giving rise to Plaintiff's claim have occurred in this district. A substantial part of the events giving rise to this suit arose on defendant's premises, located in the Commonwealth of Puerto Rico. Accordingly, under 29 U.S.C. §1391 (b) (2), venue lies in this judicial district.

6. Prior to filing this lawsuit, plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), where she charged defendant with discrimination based on her age and gender/sex. The charge placed defendant on notice of her claims under Federal employment statutes, including Title VII for gender discrimination and also retaliation. She later received a Notice of Right to Sue. Defendants were also charged with *continuing* discrimination.

## PARTIES

7. Plaintiff *Nicole Colon-Prado* ("Colon-Prado") is a citizen of San Juan, Puerto Rico and at all relevant times was employed by defendants in the Commonwealth of Puerto Rico. At all times relevant, she was assigned to work as *Wholesale & Indirect Channel Account Executive* and worked under direct supervision of Vice President of Sales Antonio Llona. She is a *woman over the age of forty (40)* and belongs to a protected group of employees. She resides in the judicial

District of Puerto Rico. Plaintiff's mailing address is Paseo las Brises, Costa Azul #3, Urb. los Paseos, San Juan, Puerto Rico 00926, with telephone number (787) 624-6604.

8. The Defendant *Liberty Cablevision of Puerto Rico LLC a/k/a Liberty Cablevision of PR* ("Defendant") is a domestic *for-profit* limited liability company registered with the Puerto Rico Department of State, registration no. 61. Its registered resident agent is The Prentice-Hall Corporation System, Puerto Rico, Inc., with mailing address C/C Fast Solutions, LLC Citi Tower, 252 Ponce de Leon Avenue, Floor 20, San Juan, PR 00918, and physical address C/O Fast Solutions, LLC, City Tower, 252 Ponce de Leon Avenue, Floor 20, San Juan, PR 00918. At all relevant times, the plaintiff was supervised by defendant and worked under direct supervision of Vice President of Sales *Antonio Llona*, who treated her unfavorably because of her *age* and her *gender*. Defendant is vicariously liable for plaintiff's supervisors' unlawful actions and omissions.

9. The codefendant *Antonio Llona* is defendant's responsible management official (RMO), and at all relevant times was plaintiff's male supervisor. Male supervisor Llona treated similarly situated male employees *Eric Rivera* and *Alejandro Guisasola* more favorably and created a hostile work environment by adversely affecting plaintiff's terms and conditions and derogatory comments. Llona referred to plaintiff as "mensajera" (order taker) in her performance evaluation, to belittle her as a woman and suggested she takes defendants' male customers out for drinks to bars on her dime. Human Resources office failed to prevent Llona from engaging in retaliation and adverse actions, *even* after defendants received notice of plaintiff's EEOC Charge.

10. The Plaintiff reserves the right to amend her Complaint, to include other employer's supervisors and/or entities that could be held vicariously liable for defendants' unlawful actions.

11. Defendants are employees, agents, supervisory personnel and were, at all times material to this Complaint, acting in the course and scope of employment. Defendants participated in and/or directed the unlawful violations alleged herein or knew of the violations and failed to act to prevent. All individual defendants are jointly liable for monetary damages alleged herein.

## FACTUAL ALLEGATIONS

12. The Plaintiff *Nicole Colon-Prado*, a *female* employee, was employed by defendant Liberty Cablevision of Puerto Rico LLC a/k/a Liberty Cablevision of PR on November 2014. She has worked for the defendant for almost five (5) years, and at all relevant times related to acts of discrimination/retaliation alleged in this Complaint, she was a female *over forty (40) years of age*.

13. At all relevant times she has held the position of *Wholesales & Indirect Channel Account Executive* and reported to codefendant Vice President of Sales *Antonio Llona*, a male and defendant's responsible management official. Previously she reported to Supervisor Dalila Roldán.

14. During employment, the plaintiff was subjected by defendants to different terms and conditions of employment, with respect to her monetary sales commission, her pay and her performance evaluations. Terms and conditions of her employment have changed at least five (5) times since she began to work for defendants, and at least twice during the 300-day period prior to her filing the EEOC Charge. Plaintiff was subjected to disparate treatment, because similarly situated male employees known as Major Account Executives were *not* subjected to similar and/or frequent changes in terms and conditions. They were also treated more favorably by defendants.

15. During employment, at various times the plaintiff complained to her employer and defendants failed to treat her similarly and *failed to take corrective action*. The plaintiff was also subjected to *retaliation* for having cooperated with another employee during a termination procedure. Defendants unlawfully engaged in retaliatory actions for opposing unlawful practices.

16. Defendant's responsible management official and male supervisor *Antonio Llona* frequently requested that plaintiff invite customers to dinner and pay for their meals and alcoholic beverages to facilitate her sales, indicating that is what it took. *Antonio Llona* implied that male employees frequently engaged in that conduct, and that plaintiff had to engage in similar conduct as condition for her continued employment. *Antonio Llona*'s request for the plaintiff to socialize with defendant's customers in her own time and dime and invite male customers for drinks made

4

the female plaintiff feel very uncomfortable. Antonio Llona's unlawful discriminatory comments created a *hostile working environment* for the plaintiff and was discriminatory because of her *sex*.

17. Defendants also engaged in discriminatory unlawful workplace practices because *the plaintiff, who was a female sales employee, was required to meet a sales quota of $9,500 while similarly situated male employees who engaged in sales were only required to meet a $4,000 sales quota. The plaintiff was required by defendant, to work twice as hard and sell twice as much, in order to be able to earn her sales commissions*. The female plaintiff was subjected to *disparate treatment* by defendants, while *male employees who were similarly situated in sales, were more favorably treated* by plaintiff's employer. Defendants' similarly situated male employees only had to reach a fraction of plaintiff's sales quota in order to begin earning their sales commissions.

18. Defendant's responsible management official *Antonio Llona* engaged in unlawful discrimination by giving preferential treatment to similarly situated male employees who were also under plaintiff's protected age group. *Antonio Llona authorized similarly situated male employees under plaintiff's protected age group to engaged in sales to customers and accounts that were specifically assigned to the plaintiff's position, and these under PAG male employees were given sales that should have been given by Llona to the female plaintiff*. The end result of this was to undermine plaintiff's efforts to reach her employer's sales commission goal, while depriving the female plaintiff with the same opportunity to earn her sales commissions. Defendants engaged in violation of Title VII and the Equal Pay Act with discrimination in payment of wages and benefits.

19. Just prior to filing plaintiff's EEOC Charge, defendant's sales director also made derogatory comments specifically addressed to the female (and over protected age group) plaintiff stating that the plaintiff was earning too much, and that her employer had to reduce her commission structure, retroactively. *At various times, including during the 300-day period prior to filing her EEOC Charge, defendants unilaterally modified terms and conditions of plaintiff's employment, to plaintiff's detriment, constituting this adverse employment actions*.

20. On September 25, 2018, plaintiff sent an email to her employer's Human Talent Alejandro Gómez (male) notifying him of her interest in pursuing advancement with the company to a higher position. Defendant's male Human Talent individual failed to respond, and *de facto excluded her from career advancement* opportunities.

21. Similarly situated male employees *Eric Rivera* and *Alejandro Guisasola* were more favorably treated by plaintiff's employer, because they were often given sales that were within the scope of plaintiff's functions. *These wholesales were authorized by Antonio Llona. Defendants engaged in willful unlawful age and gender discrimination. This reduce plaintiff's sales quota and adversely affected her sales performance. Antonio Llona* failed to treat plaintiff gender neutral and attempted to exclude her from the workplace by treating male under PAG more favorably. Llona gave male sales executives wholesale accounts sales that were specifically assigned to the plaintiff.

22. Shortly after the plaintiff filed her EEOC Charge, *she requested in writing that Human Resources temporarily place her under the supervision of another person and prevent any further acts of discrimination by her male supervisors. Defendants Human Resources personnel failed to take immediate action to prevent workplace retaliation and allowed Antonio Llona to continue to supervise the plaintiff. Antonio Llona* later gave the plaintiff a frivolous and baseless memo not based on any objective measures, as *retaliation* for having filed a discrimination charge. The excuse used to give a frivolous disciplinary memorandum dated June 24, 2019, to the plaintiff was *pretextual*, to conceal *Antonio Llona*'s retaliatory *animus*. Defendants' Human Resources was aware and present during the delivery to the plaintiff, of said unlawful pretextual and unjustified disciplinary memorandum. Defendants sought to unlawfully accelerate the process to remove her.

23. Defendant treated young (under PAG) employees with similar functions, including similarly situated male employees, more favorably.

24. Plaintiff was treated differently because of her *age* and *gender*. She was subjected to adverse employment action by the defendant. *Defendant's Human Resources failed to enforce its own policies*. Defendants also engaged in plaintiff's unlawful retaliation by fabricating a memo.

6

25.     At all relevant times, plaintiff was qualified for her position and had consistently met her employer's expectations. Shortly after plaintiff's previous supervisor (who was a woman) Dalila Roldán was replaced by *Antonio Llona*, a male supervisor, he made baseless subjective and derogatory comments on plaintiff's performance evaluation. A copy of said evaluation was never given to the plaintiff, despite having asked for a copy. She was told it was held by the "legal" department. Her evaluation was closed on the electronic system, and HR Department would continue to add comments to her evaluations concerning meetings held with her, but not give copy.

26.     The plaintiff suffered willful sex-based/gender discrimination in the workplace because she was treated unfavorably by the employer, because she was a *woman*. She was treated less favorably than her male counterparts who engaged in *similar sales functions*. Defendant broke the law by allowing a similarly situated male employee and under PAG employees to take away plaintiff's accounts and customers assigned to the plaintiff. She had to work twice as hard to earn sales commissions, had compensation structure changed and was not treated equally by defendant.

## Administrative Exhaustion

27.     Plaintiff filed an EEOC Complaint charging defendant with age and gender discrimination. The EEOC issued a Notice of Right to Sue, and the Plaintiff has filed this civil action within 90 days of her receipt of Agency's notice. Accordingly, plaintiff has exhausted administrative remedies pursuant to 42 U.S.C. §2000e-5 and this Complaint is properly filed. The Plaintiff comes before this Court to seek what is deemed to be fair and just, thru reasonable compensation for her damages as a result of her employer's unlawful work practices.

## CAUSES OF ACTIONS

### COUNT I: Gender Discrimination/Violation of Title VII of the Civil Right Act

28.     The foregoing paragraphs are realleged and incorporated by reference herein.

29.     Defendants' conduct as alleged at length herein constitutes discrimination based on *gender* in violation of Title VII. The stated reason for defendant's actions were not the true reasons, but instead were *pretext* to hide defendant's discriminatory *animus*.

30. Defendant's conduct constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. Title VII prohibits employers from discriminating against an employee on the basis of her gender and *also prohibits retaliation* against an employee who asserts her rights under the law. Title VII also prohibits workplace disciplinary practices that may have a *disproportionate* impact on a protected group of people, including *females*. Defendant's conduct violates statutory prohibition of employment retaliation. 29 USCA §215 (a) (3).

31. Title VII prohibits "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The harassing action need not be inspired "by sexual desire" to be redressable under Title VII – the only requirement is that the action must be because of the victim's sex. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998); accord *Pérez-Cordero*, 656 F.3d at 28; *O'Rourke v. City of Providence*, 235 F.3d 713, 729 (1st Cir. 2001). An employer's creation or toleration of a hostile work environment, if sufficiently severe or pervasive, can qualify as an adverse employment action. See, *Noviello v. City of Boston*, 398 F.3d 76, 88-90 (1st Cir. 2005); *Quiles-Quiles v. Henderson*, 439 F.3d 1, 9 (1st Cir. 2006) ("[t]he adverse employment action requirement may be satisfied by showing the creating of a hostile work environment or the intensification of a pre-existing hostile environment."). Here HR Department help intensificate a pre-existing hostile work environment.

**COUNT II: Retaliation in Violation of Title VII, 42 U.S.C. §2000e. et seq.**

32. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

33. The elements of a prima facie case for retaliation under Title VII are: (1) the plaintiff engaged in protected opposition to discrimination, (2) a reasonable employee would have found the alleged retaliatory action to be materially adverse, and (3) there is a causal connection between the protected activity and the alleged retaliatory action. See *Khalik*, 671 F.3d at 1193. In the present case *defendants allowed RMO to fabricate a baseless memorandum on June 24, 2019*,

8

to engage in adverse employment action against the plaintiff, for having filed her EEOC Charge. This *after the plaintiff had previously notified Human Resource of the situation and had asked HR to temporarily report to another supervisor*, so that she would not report to *Antonio Llona*.

34. In this case, plaintiff engaged in protected conduct by making internal complaints to Human Resources. See *Petrarca v. Southern Union Co.*, No. 04-310S, 2007 WL 547690, at *12 (D.R.I. 2007) (citing 42 U.S.C. § 2000e-3(a)) ("protected conduct under Title VII's anti-retaliation provision is not limited to filing an administrative charge of discrimination. It expressly prohibits retaliation for 'oppos[ing] any practice made an unlawful practice' by Title VII."); see also *Perez-Cordero v. Wal-Mart Puerto Rico, Inc.*, 656 F.3d 19, 31 (1st Cir. 2011) (holding plaintiff's reporting of complaints to his superiors about the harassment to which he was subjected suffices to show his "opposition" to that harassment within the meaning of Title VII). Thus, plaintiff's internal verbal and written complaints to HR qualify as protected conduct. Plaintiff EEOC Charge against her male supervisor because of her gender, was *a motivating factor* for subsequent adverse employment action. See *University of Texas Southwestern Medical Center v. Nassar*, 1133 S. Ct. 2517 (2013) and *Burlington N. & Santa Fe Rwy v. White*, 548 U.S. 53 (2006)

35. Title VII's purpose is to protect employees from an employer's unlawful actions. The Court will find that prohibited retaliation is not limited to discriminatory actions affecting the terms and conditions of employment but can also include an action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See *Burlington N. & S. F. R. Co. v. White*, 548 U.S. 52 (2006). "The relevant question is whether [the employer] was retaliating against [the plaintiff] for filing a complaint, not whether he was motivated by gender bias at the time." See DeCaire v. Mukasey, 530 F.3d 1, 19 (1st Cir. 2008).

36. Plaintiff is also entitled to a substantial award of *punitive damages*, as defendants engaged in retaliatory conduct with *malice* or *reckless indifference* to her federally protected rights. Title VII authorizes punitive damages when a plaintiff demonstrates that the defendant engaged in *intentional* discrimination with malice or reckless indifference to the federally protected rights of

9

an aggrieved individual. See *Rodriguez-Torres*, 399 F. 3d at 64 (quoting 42 U.S.C. §1981a (b)(1)). See also *Kolstan v. American Dental Ass'n.*, 527 U.S. 526 [(1999)]

37. In the present case, defendants failed to sufficiently engage in a good-faith effort to implement an effective policy to prevent plaintiff's supervisor and RMO retaliatory actions, even after *written notice* was given to defendant's Human Resources of plaintiff's EEOC Charge, *and* plaintiff's written request sent to Human Resources to temporarily report to another supervisor.

38. Defendants retaliated against the plaintiff for having filed her EEOC Charge.

### COUNT III: Violation of the Age Discrimination in Employment Act (29 U.S.C.A. §621 et. seq.)

39. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

40. The Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C.A. §621et. seq., makes it illegal to discriminate against qualified persons at work because of their *age*. The plaintiff was over forty (40) years of age at the time of the adverse employment action.

41. Defendant discriminated against the plaintiff on the basis of her *age*.

42. Defendants also engaged in willful violation of the Anti-retaliation provision of the Age Discrimination in Employment Act (ADEA). See section 623(d), see also Montes Rosario v. GAP, Inc., Opinion and Order, Civil No. 12-1654 (PAD), Sep. 30, 2016.

43. Defendants are jointly and severally liable.

### COUNT IV: Violation of the Equal Pay Act of 1963 29 U.S.C. §206

44. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

45. The *Equal Pay Act* requires that men and women in the *same workplace* be given **equal pay for equal work**. **Their job need not be identical, but they must be *substantially equal*. Job content *(not job titles*) determines whether jobs are substantially equal**. An employer may not reduce a woman's wages to equalize their pay. The plaintiff has filed this

Complaint alleging violation of the Equal Pay for compensation discrimination because of her gender, within three years of defendant's willful and unlawful compensation practice.

46. Defendants discriminated against the female plaintiff with respect to compensation because of her gender: (1) *reducing compensation structure* and (2) *requiring increased sales quota*. While similarly situated male sales executives were treated more favorably by employer. Defendant violated the Equal Pay Act, when it failed to pay the plaintiff equal pay for equal work.

### COUNT V: Violation of Commonwealth of Puerto Rico Laws

47. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

### Gender Discrimination

48. Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by the employer based on an employee's *gender*. 29 L.P.R.A. §146. Specifically, it prohibits employers from taking adverse action against an employee because of her sex, with regards to the terms and conditions of employment, refusing to keep or reincorporate employee into a job, willful deprivation of employment and/or taking adverse actions that negatively affect employment status. It also creates a *presumption*.

### Age Discrimination

49. Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by employer based on an employee's *age*. 29 L.P.R.A. §146. Specifically, it prohibits employers from taking adverse action against an employee because of her *age*, with regards to the terms and conditions of her employment, refusing to keep or reincorporate employee into her job, willful deprivation of employment and/or taking adverse actions that negatively affect her employment status. It also creates a *presumption* against the employer. In this case, the plaintiff belonged to a protected class of employees over 40 years of age, she was qualified for her job, was

subjected to a hostile work environment and disparate treatment with respect to the terms and conditions of her employment, and persons outside of her protected class were treated favorably.

### Unlawful Retaliation

50. Puerto Rico's Act No. 115, approved on December 20, 1991, is Puerto Rico's Employment *Anti-retaliation* Act ("Ley de Represalias contra empleado por ofrecer testimonio y causa de Accion""). It prohibits employers from retaliating against an employee who reports employer's unlawful practices to a government agency's investigation. Plaintiff belonged to a protected class *after* initiating EEOC investigations into employer's unlawful workplace practices. Act No. 169 (2014) amended Act No. 115 to extend its protection to employees that participate in internal company procedures. In this case, plaintiff filed internal complaint by notifying HR.

51. In this case, the plaintiff will establish that her protected activity was a but-for cause of the alleged adverse action by the employer, shortly after she filed her EECO Charge. Her internal complaints to HR as well as her EEOC Charge were in fact a motivating factor for subsequent adverse employment action. See *University of Texas Southwestern Medical Center v. Nassar*, 1133 S. Ct. 2517 (2013) and *Burlington N. & Santa Fe Rwy v. White*, 548 U.S. 53 (2006). Further, the plaintiff could be entitled to *doubling* of her damages pursuant to Puerto Rico Act No. 115, 29 L.P.R.A. §194 et seq., in this it is undisputed that the plaintiff complained internally to HR and filed an EEOC Charge. As such, plaintiff's protected activity fits the scope of Act No. 115.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendants' conduct was illegal and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A. That this Honorable Court issues a Declaratory Judgment declaring that Defendant's actions and/or omissions violate applicable law.
B. That this Honorable Court award Plaintiff all other equitable relief.

C. That this Honorable Court enjoins Defendants from engaging in additional discrimination and retaliation against the Plaintiff.

D. That this Honorable Court award ***compensatory and general damages*** in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, for the Plaintiff, or an amount to be determined according to proof during the trial, as provided by laws of the United States and the Commonwealth.

E. That this Honorable Court award exemplary and ***punitive damages*** in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, or an amount to be determined at trial, in light of Defendant's willful, wanton, and malicious acts with conscious disregard and indifference to her rights.

F. That this Honorable Court award Plaintiff her costs, expenses, and attorney's fees.

G. Pre-judgment interest; and as indicated above, the Plaintiff seeks *compensatory* damages, *statutory* damages, *punitive* damages, *injunctive relieve* and any other relief this Court deems equitable, just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests a *jury trial* on all issues triable to a jury.

In San Juan, Puerto Rico, on this 22<sup>nd.</sup> Day of August 2019.

Respectfully submitted,

/S/ Humberto Cobo-Estrella
Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: hcobo@hcounsel.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading will be served upon all parties for whom counsel has not yet entered an appearance electronically.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiff*